IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GARY LEE WILLIAMS, | : |
| Plaintiff, | : Civil Action 2:09-cv-1068 |
| v. | : Judge Sargus |
| LISA L. SADLER, *et al.*, | : Magistrate Judge Abel |
| Defendants. | : |

ORDER

Plaintiff Gary L. Williams filed this lawsuit on November 24, 2009 (Doc. 2). He named the Hon. Lisa L. Sadler, Lewis E. Williams, and Mark J. Wodarcyk as defendants. Plaintiff, who identified himself as inmate No. 413-191 at the Chillicothe Correctional Institution, alleged that he was not lawfully convicted of a crime, and that the three defendants had conspired to deceive him into believing that genuine criminal charges had been filed against him. On November 25, 2009, the Magistrate Judge issued a deficiency order, requiring Plaintiff to either pay the filing fee or execute a prisoner *in forma pauperis* application (Doc. 4).

On December 1, 2009, Plaintiff moved for relief from the deficiency order (Doc. 6). He argued that he had never been convicted of a criminal offense, and that the Magistrate Judge therefore had no jurisdiction to screen his complaint. He attached an unsworn declaration under penalty of perjury, in which he claimed that

1

he was not a prisoner for purposes of 28 U.S.C. § 1915, because he had never been lawfully accused of a violation of state law. On January 12, 2010, the Court issued an order denying the motion for relief from the deficiency order (Doc. 8). In it, the Court identified that Plaintiff had been convicted in 2001 of GSI and rape by the Court of Common Pleas of Franklin County, Ohio and subsequently incarcerated, and that he was therefore a prisoner under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915, any "prisoner seeking to bring a civil action" must either pay the filing fee or move to proceed *in forma pauperis.*

On January 22, 2010, Plaintiff moved for leave to proceed *in forma pauperis* (Doc. 10). In his motion, he asserted once again that he is not a prisoner. While he provided information concerning his personal finances, he failed to submit a certificate of inmate funds executed by his prison's cashier. On February 1, 2010, the Magistrate Judge issued a report and recommendation denying this new motion for failure to provide a certificate of inmate funds (Doc. 11).

Plaintiff has now filed objections to this most recent report and recommendation (Doc. 12). He argues yet again that the Magistrate Judge was without jurisdiction to render a decision on his motion for leave to proceed *in forma pauperis.* Objecting to being characterized as a "prisoner", and as an "incarcerated person", Plaintiff argues that, as he is under false imprisonment, he is not a legally incarcerated person. Therefore, he states, the Court should reject the Magistrate Judge's report and recommendation, because Plaintiff should not have been required to provide documentation as if he were a prisoner.

2

Plaintiff's arguments that he is not a prisoner are spurious, and were addressed in the Court's Order of January 12, 2010. 28 U.S.C. § 1915(a)(2) requires that a prisoner seeking to bring a civil action *in forma pauperis* must submit a cashier's statement of inmate funds. 28 U.S.C. § 1915(h) defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." Plaintiff claims, as the substance of his action, that he was imprisoned without due process of law. He alleges that "Williams is under false imprisonment, as there is no false incarceration." (Doc. 12 at 2.) The fact that Plaintiff challenges the legitimacy of his imprisonment does not affect, for purposes of 28 U.S.C. § 1915(h), the fact that he is presently incarcerated and serving a sentence in a penal institution.

Plaintiff failed to execute an application to proceed *in forma pauperis* and submit it together with a cashier's statement of inmate funds as required by the Court's deficiency order of November 25, 2009. He furthermore failed to either pay the filing fee or move to proceed *in forma pauperis* as required by the Court's order of January 12, 2010. The Magistrate Judge's Report and Recommendation (Doc. 11) is **ADOPTED**. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 10) is **DENIED**. The Clerk of Court is **DIRECTED** to enter **JUDGMENT DISMISSING** this case, owing to Plaintiff's failure to pay the necessary filing fee or to properly move to proceed *in forma pauperis*.

3

The Court notes that Plaintiff filed a notice of appeal on January 20, 2010. An order was issued by the Sixth Circuit Court of Appeals on March 31, 2010 dismissing the appeal on the grounds that there was, at the time of appeal, no final appealable order in this case. However, final judgment has now been rendered.

4-14-2010
DATED

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE